# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Charles Alonzo Yancy,

    Plaintiff

v.

United States of America,

    Defendant

**2:12-cr-00300-JAD-GWF-1**

**Order Denying Motion to Vacate Sentence Under 28 USC § 2255**

[ECF No. 41]

    Pro se prisoner Charles Alonzo Yancy brings this § 2255 motion to vacate his 110-month sentence in light of the United States Supreme Court's decision last term in *Johnson v. United States*, in which the Court held that the Armed Career Criminal Act's residual clause is void for vagueness.[1] In 2013, Yancy pleaded guilty to possession of a stolen firearm,[2] and he was sentenced to the statutory maximum sentence of ten years' imprisonment.[3] *Johnson* does not provide Yancy any relief because Yancy was not sentenced under the Armed Career Criminal Act, let alone under the Act's residual clause invalidated by *Johnson*. If Yancy had been sentenced under the ACCA, he would have been subjected to a mandatory minimum term of fifteen years' imprisonment. Yancy's 110-month sentence (and the offense of conviction) belie his claim that he was adjudicated an armed career criminal under the ACCA's residual clause, and *Johnson* is thus inapplicable.[4]

---

[1] ECF No. 41; *Johnson v. United States*,__U.S.__, 135 S.Ct. 2251, 2258 (2015).

[2] ECF No. 29.

[3] ECF No. 38.

[4] Yancy was originally charged with one count of being a felon in possession of a firearm—an offense that could have potentially subjected him to the ACCA. Yancy ultimately pleaded guilty to the superseding indictment charging him with possession of a stolen firearm, presumably to avoid the ambit of the ACCA. This may be why Yancy believes that *Johnson* applies to his sentence. It may be that *Johnson* undermined the benefit Yancy received under his plea bargain, but because Yancy was not sentenced under the ACCA's residual clause, *Johnson* does not afford him any relief.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Yancy's motion to vacate sentence under 28 U.S.C. § 2255 in light of *Johnson v. United States* **[ECF No. 41] is DENIED.**

Dated this 6th day of June, 2016.

_____
Jennifer A. Dorsey
United States District Judge