UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Charles Alonzo Yancy,<br><br>    Plaintiff<br><br>v.<br><br>United States of America,<br><br>    Defendant | 2:12-cr-00300-JAD-GWF-1<br><br>**Order Granting Motion to Reconsider and Vacating Order**<br><br>[ECF Nos. 44, 45] |

On April 18, 2016, the Supreme Court in *Welch v. United States* held that its decision last term in *Johnson v. United States*, in which the Court held that the Armed Career Criminal Act's residual clause void for vagueness, announced a substantive rule that applies retroactively on collateral review.[1] Nine days later, this court amended general order 2015-03 and appointed the Office of the Federal Public Defender (FPD) to determine whether certain defendants identified by the United States Sentencing Commission are eligible for resentencing in light of *Johnson*. Amended order 2015-03 also states that, if the FPD determines a defendant may be entitled to relief under *Johnson*, the FPD has until June 26, 2016, to file an abridged § 2255 on his behalf and until December 26, 2016, to file a supplemental motion fully briefing the issues presented in the abridged motion.

On June 6, 2016, I denied Yancy's pro se motion to vacate.[2] Yancy, who is now represented by the FPD, has filed a motion for emergency reconsideration of that order.[3] The record reflects that the FPD entered a notice of appearance in this case on May 18, 2016—six days after Yancy's pro se § 2255 motion was filed.[4] Counsel represents that she entered a notice of appearance on Yancy's

---

[1] *Welch v. United States*, 136 S.Ct. 1257 (2016).

[2] ECF No. 44.

[3] ECF No. 45.

[4] ECF No. 43.

behalf after reviewing his file and determining that he may be eligible for relief under *Johnson*, and that she is in the process of preparing his supplemental motion and supplemental brief and plans to file the supplemental motion by the June 26, 2016, deadline. Based on counsel's appearance on Yancy's behalf, I find that good cause exists to reconsider my denial of Yancy's motion to vacate his sentence, and I vacate my previous order.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that my June 6, 2016, order denying Yancy's motion to vacate sentence is VACATED.

Dated this 14th day of June, 2016.

_____
Jennifer A. Dorsey
United States District Judge