UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:12-cr-00300-JAD-GWF-1 |
|---|---|
| Plaintiff | |
| v. | **Order Denying Motion for Appointment of Counsel** |
| Charles Alonzo Yancy, | [ECF No. 68] |
| Defendant | |

Defendant Charles Alonzo Yancy moves for the appointment of counsel to assist him in seeking early termination of his supervised release. Because the motion for appointment of counsel is procedurally deficient and fails to address the eligibility factors that this court must consider in deciding such a motion, I deny it without prejudice to Yancy's ability to refile a properly supported one.

In the appointment-of-counsel motion, counsel notes that she attached a financial affidavit showing that "Yancy cannot afford to hire an attorney at this time."[1] The motion also states that the defendant "seeks to file [the affidavit] under seal."[2] Counsel's filing is not compliant with this district's local rules, which require that all exhibits filed under seal be accompanied by a motion seeking leave to file them under seal—no such motion was filed here.[3]

And counsel's assertion that Yancy can't afford an attorney is belied by the contents of his financial affidavit, showing that he earns a reasonable income and has modest monthly

---

[1] ECF No. 68 at 1.

[2] *Id.*

[3] L.R. IA 10-5. The purpose of motions seeking leave to seal is for the court to "balance the competing interests of the public and the party seeking to seal judicial records." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 685 F.3d 1115, 1119 (9th Cir. 2012) (citing *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

expenses.[4]  A defendant with these resources may not be considered financially eligible for court-appointed counsel, particularly for the limited purpose of filing a motion for early termination of supervised release.[5]  But because counsel's motion is conclusory and doesn't analyze why Yancy cannot afford an attorney, I deny it without prejudice to his ability to re-file a properly supported motion in compliance with this district's local rules.

## Conclusion

IT IS THEREFORE ORDERED that Yancy's motion for the appointment of counsel **[ECF No. 68] is DENIED without prejudice** to refiling a properly supported motion, along with an accompanying motion to seal any financial affidavit Yancy would like the court to consider, **within 14 days**.  And counsel is **directed to show cause within 14 days** why the court should consider the pending motion for early termination of supervised released [ECF No. 69], which was filed by counsel before demonstrating that Yancy is entitled to court-appointed representation.

_____
U.S. District Judge Jennifer A. Dorsey
August 19, 2022

---

[4] *See* ECF No. 70.

[5] *See* L.C.R. 44-1 (citing the Plan for Administration of the Criminal Justice Act of 1964, which is available on the court's website and lists factors that the court must consider in determining whether to appoint counsel).  *See also* 18 U.S.C. § 3006A.